UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JUANITA BYLO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV2083 SNLJ |
| | ) | |
| K-MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff filed a premises liability action in state court that was removed to this Court based on diversity jurisdiction. This matter is before the Court on defendant's motion for summary judgment (#15).

**I.  Background**

This is a slip and fall case that plaintiff originally filed in the Circuit Court of St. Charles County against defendant K-Mart Corporation. Defendant filed its notice of removal in this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff's complaint alleges that she was shopping at a K-Mart store on September 9, 2008 when she attempted to try on a pair of shoes. Her complaint states that she "raised her foot to try on a shoe when she slipped and fell on the wet tiled floor of the said premises." (#3 at ¶ 5.) Plaintiff alleges that she sustained severe injuries as a result of the fall. She states that defendant was negligent in failing to provide seating for customers trying on shoes, failing to place "wet floor" signs in the area, and failing to give notice and warn persons walking over the wet flooring of its dangerous condition.

1

(*Id.* at ¶ 6.) Plaintiff claims defendant is liable to her for her damages under a theory of premises liability.

Defendant has filed a motion for summary judgment. Plaintiff filed a response brief in opposition, and defendant replied. The matter is now ripe for disposition.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to

defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. ***All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party***.

(emphasis added). Even where all of movant's statements of fact are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted.

With these principles in mind, the Court turns to the discussion.

**III.	Discussion**

Plaintiff claims she was injured when she fell down while trying on shoes at defendant's store. The parties agree that plaintiff was an invitee for purposes of premises liability law under Missouri law. "The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe." *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.App. E.D. 2000). An injured invitee must prove: 1) a dangerous condition existed on defendant's property, 2) defendant knew, or by using ordinary care should have known, of the condition, 3) defendant failed to use ordinary care in removing or warning of the danger, and 4) invitee sustained injuries as a result of the dangerous condition. *Id.*; *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 934 (8th Cir. 2010).

Because plaintiff failed to controvert defendant's statement of facts, those facts are deemed admitted for purposes of summary judgment. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The facts that are deemed admitted include the following: there was no water, debris, or any other substance on the floor; the floor was a hard surface; and plaintiff suffers from a condition known as "polymyositis," which is characterized by a weakness in the subject's muscles.

Defendant argues that plaintiff admitted in discovery responses that there was no water or other debris on the floor, and thus that she cannot show there was a dangerous

condition that caused plaintiff to fall. Plaintiff responds that defendant knew it had a shoe department with a slippery tile floor and that invitees would try on shoes while standing up because there was no place to sit down. Plaintiff contends that defendant had a duty to warn or to make the condition safe, which could mean providing a stool on which shoppers could sit to try on shoes.

Defendant replies that plaintiff did not advance this theory of liability in her complaint --- the complaint mentioned only that the floor was wet, and not that the "dangerous condition" was the floor itself. Indeed, plaintiff may not so-amend her complaint through summary judgment briefing. *See Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Even if plaintiff were able to advance this new theory of liability, it would fail. To avoid summary judgment, plaintiff must show that there is evidence to show that defendant had an opportunity to know about a dangerous condition before plaintiff fell. *See Fever v. Westin, St. Louis*, No. 4:12CV9 SNLJ, 2013 WL 5966046, *3 (E.D. Mo. Nov. 8, 2013). In *Fever*, the plaintiff fell on a hotel dance floor and claimed the hotel was liable for her injuries due to the dance floor's "slippery" dangerous condition. *Id.* The defendant hotel was granted summary judgment because plaintiff produced no evidence that the dance floor was wet or otherwise so slippery that it would allow a reasonable jury to find the defendant knew it constituted a dangerous condition. *Id.* Similarly, here, plaintiff produces no evidence (expert or otherwise) except her bare assertion that the tile floor must have been dangerous because she fell on it after removing her shoes and attempting to try on a different pair of shoes.

## IV. CONCLUSION

Because plaintiff failed to present sufficient evidence that would allow a reasonable jury to find the defendant knew, or by using ordinary care should have known, that the tiled floor of its shoe department constituted a dangerous condition, plaintiff cannot prove one of the necessary elements of her premises liability claim. Accordingly, defendant's motion for summary judgment (#15) is granted and judgment is entered in favor of defendant with each party to bear her or its own costs.

Dated this 30th day of September, 2014.

```
_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE
```