UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JUANITA BYLO, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 4:13CV2083 SNLJ |
| K-MART CORPORATION, | ) ) ) |  |
| Defendant. | ) |  |

### MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion for new trial (#22). The motion has been fully briefed and is ready for disposition.

This Court granted defendant's motion for summary judgment on September 30, 2014. Plaintiff's premises liability complaint stated that she "raised her foot to try on a shoe when she slipped and fell on the wet tiled floor of the said premises." (#3 at ¶ 5.) Plaintiff alleges that she sustained severe injuries as a result of the fall. She states that defendant was negligent in failing to provide seating for customers trying on shoes, failing to place "wet floor" signs in the area, and failing to give notice and warn persons walking over the wet flooring of its dangerous condition. (*Id.* at ¶ 6.)

The parties agreed that plaintiff was an invitee for purposes of premises liability law under Missouri law. An injured invitee must prove: 1) a dangerous condition existed on defendant's property, 2) defendant knew, or by using ordinary care should have known, of the condition, 3) defendant failed to use ordinary care in removing or warning of the danger, and 4) invitee sustained injuries as a result of the dangerous condition.

1

*Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.App. E.D. 2000); *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 934 (8th Cir. 2010).

The facts were undisputed and included that there was no water, debris, or any other substance on the floor; the floor was a hard surface; and plaintiff suffers from a condition known as "polymyositis," which is characterized by a weakness in the subject's muscles.

Defendant argued on summary judgment that plaintiff admitted in discovery responses that there was no water or other debris on the floor, and thus that she cannot show there was a dangerous condition that caused plaintiff to fall. Plaintiff contends that defendant had a duty to warn or to make the condition safe, which could mean providing a stool on which shoppers could sit to try on shoes. However, plaintiff had not advanced such a theory in her complaint, and she could not amend her complaint through summary judgment briefing. *See Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Even if plaintiff were able to advance this new theory of liability, it would fail. To avoid summary judgment, plaintiff must show that there is evidence to show that defendant had an opportunity to know about a dangerous condition before plaintiff fell. *See Fever v. Westin, St. Louis*, No. 4:12CV9 SNLJ, 2013 WL 5966046, *3 (E.D. Mo. Nov. 8, 2013). Here, plaintiff produced no evidence (expert or otherwise) except her bare assertion that the tile floor must have been dangerous because she fell on it after removing her shoes and attempting to try on a different pair of shoes. The Court thus granted summary judgment.

Plaintiff now seeks a "new trial" pursuant to Federal Rule of Civil Procedure 59(a). Both parties agree that plaintiff more properly seeks to alter or amend judgment under Rule 59(e), and the Court will treat the motion as such. Under Rule 59(e), the Court may correct "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Plaintiff insists there was an issue of fact regarding whether a dangerous condition existed, and plaintiff relies upon evidence that plaintiff testified that the floor was slippery. However, plaintiff still fails to support her argument that the defendant knew about the alleged dangerous condition of the floor. And her new theory of an inherently slippery floor is not the proper basis for a Rule 59(e) motion. *See id.*[1]

Plaintiff also seeks to distinguish *Fever*, 2013 WL 5966046, which was discussed in this Court's summary judgment memorandum. In *Fever*, the plaintiff fell on a hotel dance floor and claimed the hotel was liable for her injuries due to the dance floor's "slippery" dangerous condition. The defendant hotel was granted summary judgment because plaintiff produced no evidence that the dance floor was wet or otherwise so slippery that it would allow a reasonable jury to find the defendant knew it constituted a dangerous condition. Plaintiff points out that the defendant in *Fever* set forth evidence

---

[1] There is some discussion in the briefing of this matter regarding whether or not plaintiff was wearing socks at the time of the fall. In her deposition, she states that she was barefooted, having removed her socks to try on sandals. Later, she states that she is not sure because so much time had passed. Plaintiff's complaint actually alleged that the floor was wet, although she seems to agree that was not the case.

regarding the dance floor's slip-proof surface and the plaintiff's intoxication. That the defendant here did not set forth such evidence is irrelevant, however, in light of the plaintiff's failure to show defendant had an opportunity to know about a dangerous condition. Plaintiff's new argument --- that the floor was "inherently slipperly" --- is again not the proper subject for this motion.

As a result, plaintiff seeks to amend her complaint now, observing that the defendant filed its motion for summary judgment months before the discovery deadline expired. If plaintiff believed she was prejudiced as a result of that early filing, plaintiff should have objected at the time. Plaintiff did not do so. Plaintiff's motion and her late request to amend her complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for new trial (#22) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike reply and, alternatively, motion for leave to file sur-reply (#25), is **GRANTED** in part in that the sur-reply will be allowed.

Dated this 23rd day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE